```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____
BETTY J. LAWRENCE,

                    Plaintiff,                06-CV-6658T

         v.                                **DECISION**
                                                                **and ORDER**
JO ANNE B. BARNHART, Commissioner
of Social Security

                    Defendant.
_____

## INTRODUCTION

Plaintiff Betty J. Lawrence ("Lawrence") brings this action pursuant to Titles II and XVI of the Social Security Act, § 201 et. seq. (codified at 42 U.S.C. § 401 et. seq. and 42 U.S.C. § 1381 et. seq.) claiming that the Commissioner of Social Security improperly denied her application for disability benefits.[1] Specifically, Lawrence alleges that the decision of an Administrative Law Judge ("ALJ") denying her application for benefits was erroneous because it was not supported by substantial evidence in the record.

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law. Lawrence opposes the defendant's motion, and cross-moves for judgment on the pleadings. Because the Court determines that the findings of the Commissioner are supported by substantial evidence,

---

[1] This case (formerly civil case 03-CV-0433E) was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated December 27, 2006.

judgment on the pleadings is hereby granted in favor of the defendant.

## BACKGROUND

On July 31, 2000, plaintiff Betty Lawrence, at the time a 49 year old former general office clerk and mail handler, applied for Social Security disability benefits and Supplemental Security Income payments, claiming that she had become unable to work as of February 16, 2000 because of numbness in her right hand and arm with severe pain from her shoulder towards her hand and hypertension. Lawrence's application was denied initially and on reconsideration. Thereafter, Lawrence requested an administrative hearing before an Administrative Law Judge which took place on November 9, 2001. Plaintiff was represented by a paralegal at the hearing.

In a decision dated December 15, 2001, the ALJ found that although Lawrence's problems relating to her right upper extremity were severe, she was not disabled within the meaning of the Act and thus not entitled to receive Social Security benefits. Lawrence's appeal of the ALJ's decision to the Social Security Appeals Board was denied on April 4, 2003, and on June 3, 2003 plaintiff filed this action.

## DISCUSSION

I. <u>Jurisdiction and Scope of Review</u>

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a

claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Section 405(g) this limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Monqeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). Defendant asserts that her decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that "the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief," judgment on the pleadings may be appropriate. See Conley

v. Gibson, 355 U.S. 41, 45-46 (1957). Because the Court determined that the findings of the Commissioner are supported by substantial evidence, judgment on the pleadings is hereby granted for the defendant.

II. The Commissioner's decision to deny Plaintiff benefits was supported by substantial evidence in the record.

The ALJ made the determination based on the evidence before him that plaintiff did not suffer from a disability under the Social Security Act. A disability is defined by 42 U.S.C. § 423(d) as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...." 42 U.S.C. § 423(d) (1991). Specifically, the ALJ found that while plaintiff suffered from severe right upper extremity disorders, this condition did not constitute an impairment under 20 C.F.R. 404.1501 et. seq. (Transcript of Administrative Proceedings at page 26) (hereinafter "T.").

Plaintiff contends that the ALJ's decision was not supported by substantial evidence in the record. Specifically, plaintiff argues that her subjective testimony of vision problems, unsteady gait caused by hypertension, Raynaud's disease, headaches, anxiety, knee problems, and history of yearly pneumonia should not have been discounted by the ALJ but rather should have been considered "severe" along with her right upper extremity impairments. The ALJ, however, was correct in affording little weight to these subjective

complaints. He acknowledged that plaintiff complained of these symptoms (T. 21-23) but also noted that there was no medical evidence in the record to show that these impairments were severe or disabling.

In regards to her complaint of vision problems, reports from two ophthalmologists, Dr. Alwal and Dr. Kenneth Anthone found that Lawrence's physical and mental abilities were not compromised by a small cataract or possible glaucoma in her left eye because she had correctable 20/20 vision in both eyes (T. 264-65, 308-09). As for Lawrence's complaint of unsteady gait caused by hypertension, although plaintiff's hypertension is well documented (T. 186, 205, 232, 240), reports from June to September of 2000 from treating physician Dr. Timothy McDaniel, consultative physician Dr. Michael Ryan, and the emergency room at Kaleida Health Center all indicate that plaintiff's gait is good (T. 190, 206, 213). Plaintiff's complaint of Raynaud's disease is also documented by neurologist Dr. Lazlo Mechtler, but he did not conclude that it resulted in any disability (T. 232). He referred her to her primary care physician Dr. Kenton Forte for follow-up care, but on examination, Dr. Forte made no mention of plaintiff's Raynaud's disease (T. 240, 241, 247). Although plaintiff complained of headaches and was examined by neurologist Dr. Mechtler, her neurological examination and MRI of the head were unremarkable (T. 231, 234). Her EEG was abnormal, but most suggestive of diffuse encephalopathy of toxic or metabolic cause (T. 236). Although plaintiff complained of anxiety, there is no evidence in the medical record that she ever received any

psychiatric or psychological treatment. As for plaintiff's complaint of knee problems, although Dr. J. Maddi diagnosed plaintiff with a large effusion of her right knee in April 2001, he opined that she would be able to return to her usual work within two months or after her orthopedic consultation and that her impairment had not lasted and could not expect to last for more than twelve months (T. 319, 322). Lastly, the ALJ acknowledged plaintiff's statement that she had been in the hospital for two months every year with pneumonia, but also noted that there was no medical evidence to support that statement. Evaluating the medical evidence as a whole, it was proper for the ALJ to discount plaintiff's subjective complaints and conclude that these symptoms were not severe or disabling.

<u>CONCLUSION</u>

For the reasons set forth above, I grant defendant's motion for judgment on the pleadings. Plaintiff's motion for judgment on the pleadings is denied, and plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          January 18, 2007